SO ORDERED: February 24, 2017.



_____
James M. Carr
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JOSHUA WAYNE SPENCER, | ) | Case No. 16-02175-JMC-7 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| DENNIS HUNT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. 16-50172 |
| | ) | |
| JOSHUA WAYNE SPENCER, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

THIS MATTER comes before the Court on *Plaintiff's Motion for Summary Judgment on the Entirety of Plaintiff's Complaint to Determine Dischargeability Pursuant to 11 U.S.C. § 523 and Designation of Evidence in Support Thereof* filed by Dennis Hunt ("Hunt") on August 26, 2016 (Docket No. 9) (the "Motion"), *Plaintiff's Memorandum of Law in Support of Motion for Summary Judgment* filed on August 26, 2016 (Docket No. 10) (the "Brief"), *Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment* filed by Joshua Wayne Spencer ("Spencer") on October 11, 2016 (Docket No. 12) (the "Response"), the

*Affidavit of Joshua Wayne Spencer in Support of Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment* filed on October 11, 2016 (Docket No. 12-1) (the "Spencer Affidavit"), and *Plaintiff's Reply in Support of Motion for Summary Judgment* filed on October 31, 2016 (Docket No. 13) (the "Reply").  The Court, having reviewed and considered the Motion, the Brief, the Response, the Spencer Affidavit, and the Reply; having heard the arguments of counsel for both Hunt and Spencer at a hearing on November 17, 2016 (the "Hearing"); and being otherwise duly advised, now **DENIES** the Motion.

<u>Summary Judgment Standard</u>

Hunt moves the Court to enter summary judgment in his favor and against Spencer pursuant to Fed. R. Civ. P. 56, made applicable to this adversary proceeding by Fed. R. Bankr. P. 7056.

To obtain summary judgment, Hunt must show that there is no genuine dispute as to any material fact and Hunt is entitled to judgment as a matter of law.  Fed R. Civ. P. 56(a).  The burden rests on Hunt, as the moving party, to demonstrate that there is an absence of evidence to support the case of Spencer, the nonmoving party.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554 (1986).  After Hunt demonstrates the absence of a genuine issue for trial, the responsibility shifts to Spencer to "go beyond the pleadings" to cite evidence of a genuine issue of material fact that would preclude summary judgment.  *Id.* at 324, 106 S.Ct. at 2553.  If Spencer does not come forward with evidence that would reasonably permit the Court to find in his favor on a material issue of fact (and if the law is with Hunt), then the Court must enter summary judgment against Spencer.  *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87, 106 S.Ct. 1348, 1355-56 (1986); *Celotex*, 477 U.S. at 322-24, 106 S.Ct. at 2552-53; and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-52, 106 S.Ct. 2505, 2511-12 (1986)).

*Spencer Affidavit*

In the Reply, Hunt "objects to the admissibility" of the Spencer Affidavit. The Court treats that objection as a motion to strike the Spencer Affidavit. Because there is no basis for striking the Spencer Affidavit as described by the Court on the record at the Hearing, the motion to strike is **DENIED**.

*Reasoning for Denial of Summary Judgment*

Hunt asks this Court to enter summary judgment in his favor and against Spencer based on the asserted collateral estoppel effect of certain *Findings of Fact and Conclusions of Law and Order* (Docket No. 9-1) (the "State Court Judgment") entered following a trial in the state court cause of action captioned *Hunt v. Spencer*, Cause No. 29D02-1203-PL-2801. The Court announced at the conclusion of the Hearing that it was unlikely to grant the Motion for a number of reasons, including the lack of an "identity of issues" between those decided by the state court and the issues under 11 U.S.C. §§ 523(a)(2), (a)(4) and (a)(6) that must be decided by the Court in this adversary proceeding. In particular, the Court questioned whether, as a matter of law, the requisite intent that underlies the three different nondischargeability allegations was sufficiently established in the State Court Judgment such that an exercise of collateral estoppel could be appropriate.

The Court indicated it would further review certain of the cases cited by Hunt that he asserted support the Motion, including *McClellan v. Cantrell*, 217 F.3d 890 (7th Cir. 2000), *Schroeder v. Busick (In re Busick)*, 264 B.R. 518 (Bankr. N.D. Ind. 2001), and *Leeb v. Guy (In re Guy)*, 101 B.R. 961 (Bankr. N.D. Ind. 1988).

For his argument under § 523(a)(2), Hunt argues that (a) the finding by the state court of conversion of property by Spencer is, in and of itself, sufficient for this Court to find nondischargeability because the facts supporting the conversion finding constitute a "design,

artifice or trick by which one person cheats another" that rises to the level of actual fraud described in *McClellan*, and (b) giving the State Court Judgment collateral estoppel effect is supported by *Busick*. In *McClellan*, the Seventh Circuit reversed a district court's decision granting a motion to dismiss a complaint asserting nondischargeability under § 523(a)(2)(A). *McClellan* held that the complaint sufficiently stated a cause of action by asserting that the debtor/defendant, with an actual intent to defraud the plaintiff, colluded with her brother to accept a transfer of the brother's property for nominal consideration and in which plaintiff held a lien. In holding that the "actual fraud" basis for nondischargeability in § 523(a)(2)(A) encompasses more than fraudulent misrepresentation, *McClellan* was a pre-cursor of the Supreme Court's holding in *Husky Int'l Elec., Inc. v. Ritz*, ___ U.S. ___, 136 S.Ct. 1581, 194 L.Ed.2d 655 (2016). However, *McClellan* does not provide support for the Motion. *McClellan* is not a decision regarding collateral estoppel. *McClellan* only held that the allegations of that plaintiff's complaint, if deemed to be true, were sufficient to survive the motion to dismiss.

      The bankruptcy court in *Busick* granted summary judgment on a § 523(a)(2)(A) claim based, as the Motion is based, upon collateral estoppel. However, in *Busick*, Judge Grant relied upon the state court's express finding that the debtor/defendant had committed home improvement fraud. At the Hearing, when challenged to point out any mention of fraud, theft or any other express finding by the state court to support the Motion, Hunt's counsel conceded that the State Court Judgment makes no such express finding of fraud. Hunt's counsel argued that ¶¶ 62,[1] 64, 66 and others of the State Court Judgment together constitute a finding that Spencer violated Ind. Code § 35-43-4-3, the criminal conversion statute (as alleged in count II of the *Complaint to Determine Dischargeability of Debt Pursuant to 11 U.S.C. § 523* filed on June 28,

---

[1] Paragraph 62 of the State Court Judgment expressly refers to the necessary elements of Spencer's state court counterclaims against Hunt *et al*. Hunt's counsel suggests that the paragraph reflects a scrivener's error and should set forth a finding that would form the basis for the state court's award of treble damages under the Indiana Crime Victims' Relief Act, but that is not clear to the Court at this summary judgment stage.

2016 (Docket No. 1)). *Busick* is distinguishable because the finding(s) in the State Court Judgment are certainly not the express finding of debtor's fraud that formed the basis for summary judgment in *Busick*.

Hunt argues that the fact that the state court awarded him treble damages and attorney's fees against Spencer (*see* State Court Judgment, first decretal paragraph at p. 17) establishes that the state court necessarily determined facts sufficient to establish a basis for nondischargeability under § 523(a)(2)(A). However, the State Court Judgment does not make express findings or conclusions of law in support of the treble damages and attorney's fees awards. In fact, nothing in the State Court Judgment explains the basis for the awards. Hunt's counsel nevertheless asserts that the awards must be based upon Ind. Code § 34-24-3-1 (the Indiana Crime Victims' Relief Act). If Hunt's counsel is correct, then the state court implicitly found that Spencer violated Ind. Code § 35-43-4-3 and that he committed "criminal conversion" of the Busula/Hunt property. However, even then, that would only establish that Spencer "knowingly or intentionally" exerted unauthorized control over the Busula/Hunt property. That type of finding would fall short of the *mens rea* requirement of a § 523(a)(2)(A) basis for nondischargeability.

For his argument under § 523(a)(4), Hunt argues that the Court should infer intent from the totality of the circumstances (including Spencer's misrepresentations, that Spencer had the property in question sold to his former employer, that Spencer colluded with others, that the state court found Spencer's testimony not to be credible and that Spencer previously committed check fraud) to find that Spencer's conduct rises to "larceny." Hunt concedes that "[l]arceny is proven for § 523(a)(4) purposes if the debtor has wrongfully and with fraudulent intent taken property from its owner." *Kaye v. Rose (In re Rose)*, 934 F.2d 901, 903 (7th Cir. 1991) (citations omitted). He argues such fraudulent intent is proven by the state court's finding that Spencer "knowingly or intentionally" exerted control over the property of another. The Court disagrees that

"knowingly or intentionally" rises to the level of fraudulent intent required under § 523(a)(4).

For his argument under § 523(a)(6), Hunt again argues that Spencer's "knowing[] or intentional[]" conduct rises to the required level of "willful and malicious." The Court finds *Guy* to be unpersuasive and disagrees that Spencer's conduct described in the State Court Judgment is sufficient, as a matter of law and without a trial, to form the finding of "willful and malicious injury" according to the definitions of such terms adopted by the Seventh Circuit in *First Weber Group, Inc. v. Horsfall*, 738 F.3d 767 (7th Cir. 2013) and *In re Thirtyacre*, 36 F.3d 697 (7th Cir. 1994).

*Conclusion*

The state court finding of "knowing[] or intentional[]" conduct does not equate to (1) actual fraud (§ 523(a)(2)(A)), (2) larceny (§ 523(a)(4)), or (3) willful and malicious injury to Hunt's property (§ 523(a)(6)), and therefore the law is not with Hunt with respect to the collateral estoppel effect of the State Court Judgment on the issue of intent.[2] Therefore, the Court **DENIES** the Motion.

A telephonic status conference for scheduling purposes (including with respect to the trial tentatively set during the Hearing for April 12-13, 2017) will be held on **March 6, 2017 at 1:30 p.m. EST**. Counsel for Hunt should initiate the call to the Court at (317) 229-3864, with counsel for Spencer on the line.

IT IS SO ORDERED.

# # #

---

[2] The Court notes that Spencer has disputed not only the applicability of collateral estoppel but also the material fact of his intent.